### ORELINE *v.* HEIRS OF HAGGERTY.

A will is null and void which is contained in one and the same act with the will of another person. C. C., 1565.

APPEAL from the District Court of Lafayette, *Dupré*, J. *DeBlanc & Fusilier*, for plaintiff and appellant. *C. H. Mouton*, for defendant.

BUCHANAN, J. A motion is made to dismiss this appeal, because the appeal bond is not signed by the appellant.

It is settled that the signature of the appellant to the appeal bond is un-

necessary. It suffices that it be signed by a proper surety. 5 Rob., *Jones* v. *Sidle*, and caseses quoted in Hennen's Digest, verbo appeal.

The present action was commenced by petition filed 9th January, 1857. The petition sets forth, that one *John Haggerty*, since deceased, made his last will by nuncupative act, on the 10th March, 1851, a copy of which is annexed, and thereby bequeathed to his slaves, the petitioner and her children, their freedom and liberty, to take effect from the day of the testator's death. It concludes by a prayer that a day be fixed for proving the will—that the heirs of *Haggerty*, who are named, be cited—and that after due proceedings, the will of *Haggerty* be proved, homologated, and carried into effect, according to its form and tenor.

The heirs of *Haggerty* pleaded 'the exception of *res judicata:* and in case said exception was overruled, they opposed the probate and execution of the will of *Haggerty*, on the grounds:

1. That the will was contrary in form to the 1565th Article of the Civil Code, inasmuch as it is contained in one and the same act with the will of another person, namely: *Haggerty's* wife.

2. That by the Act of March, 1857, the emancipation of slaves in this State is prohibited.

3. That the will is contrary to law and good morals, the petitioner and her children named in the will, being the concubine and the adulterous bastards of the testator.

The District Court decided the cause exclusively upon the 1st of the above enumerated pleas; to which also we will confine our attention.

The will commences as follows:

"Aujourd'hui, ce dix de mars de l'année mil huit cent cinquante et une—à la requête de Monsieur *Jean Haggerty* (dit *Clark*) et à celle aussi de sa femme légitime, *Marie Esclard*, dite *Frederick*, tous deux résidant dans la paroisse susdite—moi, le soussigné, *George W. Scranton*, Recorder, dûment commissionné et assermenté en et pour la paroisse de Lafayette, dans l'Etat de la Louisiane, et y demeurant, je me suis transporté chez eux pour recevoir par acte authentique et public leurs derniers testaments, en présence de Messieurs *Napoléon St. Julien, Pierre Giroir, fils, Aurélien St. Julien, Joseph Ozème Milançon et Pierre Bélisaire Milançon,* cinq habitants, "appelés par le testateur et la testatrice pour ce exprès, tous témoins," &c.

After this preface, the act continues:

"Et là et lors personellement comparut et fut présent le dit *Jean Haggerty*, se déclarant habile à tester, étant sain de corps et d'esprit, &c., lequel a dicté son testament devant les susdits témoins, au Recorder, qui l'écrit tel qu'il a été dicté, et ainsi qu'il suit," &c.

Next follows (after the testamentary dispositions of *Jean Haggerty*) a formal conclusion and the signatures of the testator *Haggerty*, the witnesses named, and the Recorder immediately below, and in continuation we find written as follows:

"Etat de la Louisiane, paroisse de Lafayette, le dix mars, mil huit cent cinquante et un, au même jour et date comme ci-dessus, devant les mêmes Recorder et témoins, la dame nommée dans le susdit acte, *Marie Esclard,* épouse légitime de le testateur susdit, *Jean Haggerty*, a comparu et fut personnellement présente et laquelle dame, là et lors, se déclarant habile à tester,

ORELINE
v.
HAGGERTY.

étant saine de corps et d'esprit, &c., a dicté son testament devant les susdits témoins aussi soussignés, au dit Recorder, qui l'écrit tel qu'il a été dicté, et ainsi qu'il suit." &c.

Then follows a formal conclusion and the signatures of *Mrs. Haggerty*, the testatrix, and those of the witnesses and notary.

We have been particular in transcribing so much of this double act of last will, because the argument of counsel has turned in great part, upon the fact of whether it be in reality one connected act, or two distinct and independent acts. We have no doubt that the former is the correct interpretation. The preamble of each will has blended both together in such a manner, that it seems entirely impossible to mistake the intentions of the two testators, and particularly of the testator *Jean Haggerty*. It is worthy of particular observation, that *Mr. Haggerty* makes no disposition in this testament of any portion of his property, (if he had any other property,) than his slave woman *Oreline*, the plaintiff, and her children. It is obvious, that he must have deemed it important to secure the coöperation of his wife in the enfranchisement of those persons; and her will, as dictated, is but a repetition of his own, embracing the same object, and in words almost identical.

The judgment of the District Court is affirmed, with costs.